**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL NO. 5:10-cr-14-DCB-FKB

ELVIS D. PRATER and
DEWAYNE D. JOHNSON                                    DEFENDANTS

<u>**ORDER DENYING MOTION TO SEVER**</u>

This cause comes before the Court on Defendant Elvis D. Prater's Motion to Sever [docket entry no. 35].  Having carefully considered said Motion, Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Defendant Prater, an officer of the Natchez Police Department ("NPD") was indicted on August 18, 2010 for two counts of deprivation of rights under color of law in violation of 18 U.S.C. § 242 and one count of making false statements to the Federal Bureau of Investigation ("FBI") in violation of 18 U.S.C. § 1001. Co-Defendant Dewayne E. Johnson, also an NPD officer, was charged in that same indictment with two counts of deprivation of rights under color of law, one count of making false statements, and one count of conspiracy to commit identity theft, access device fraud, and bank fraud, in violation of 18 U.S.C. § 371.

The indictments arose out of the Defendants' arrest of brothers J.E. and J.D.E on May 23, 2009 for public drunkenness, disorderly conduct, and simple assault on a police officer.  After

the arrests, the officers allegedly put the brothers in two separate patrol cars, with Prater taking custody of J.D.E. and Johnson taking custody of J.E.  Prater then allegedly physically assaulted J.D.E. while he was restrained in the back seat of Prater's patrol car.  At that same time, Johnson allegedly stole credit and debit cards from J.E. while J.E. was under arrest in Johnson's patrol car.  Prater then rejoined Johnson and allegedly physically assaulted J.E. while Johnson looked on.  Johnson later allegedly conspired with his cousin, Patricia Wilson, to use J.E.'s credit and debit cards for personal purchases.  During the course of an investigation into the incidents, both Prater and Johnson allegedly made false statements to FBI investigators.

Defendant Prater now moves pursuant to Fed. R. Crim P. 14 to sever his trial from that of Defendant Johnson because Prater was not indicted for conspiracy to commit identify theft, access device fraud, or bank fraud and is not alleged to have knowledge of Johnson's alleged conspiracy to use J.E.'s credit and debit cards. Prater argues, without citation, that his defense will be "catastrophically and unfairly prejudiced" by having the jury exposed to evidence regarding Johnson's alleged conspiracy and that Prater would be found guilty by association.

When considering a Rule 14 motion to sever, "the district court must first determine whether the claims were improperly joined under Rule 8(a)."  U.S. v. Holloway, 1 F.3d 307, 311 n. 2

(5th Cir. 1993)(citation omitted).  If the district court determines that the claims were properly joined, then it must review the motion to sever under Rule 14.  Id.  Rule 8(b) provides that two defendants may be charged in the same indictment where they are alleged to have participated in "the same series of acts or transactions constituting an offense or offenses."  The Rule further provides that "[a]ll defendants need not be charged in each count."

There is no question here that Defendants Prater and Johnson are alleged to have participated in the same series of acts; the officers were working together as officers of the NPD and arrested brothers J.E. and J.D.E at the same time.  Defendant Prater allegedly beat J.D.E. outside the presence of Defendant Johnson but then beat J.E. while Johnson looked on.  Per the plain language of the rule, joinder is not improper merely because Prater was not indicted for theft of J.E.'s credit and debit cards while Johnson was.  Accordingly, this Court finds that Defendants Johnson and Prater were properly joined pursuant to Rule 8(b) and will now proceed to the severance analysis under Rule 14.      R u l e   1 4 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  The general rule is that "defendants indicted together

3

should be tried together." <u>U.S. v. Nguyen</u>, 493 F.3d 613, 625 (5th Cir. 2007)(citing <u>U.S. v. Rocha</u>, 916 F.2d 219, 227-28 (5th Cir. 1990)).  Severance is proper only where a defendant shows that "'there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" <u>Id</u>. (quoting <u>Zafiro v. U.S.</u>, 506 U.S. 539 (1993)).

As justification for severance, Prater argues only that evidence regarding the conspiracy claim against Johnson would unfairly prejudice Prater and that he would likely be found guilty by association.  Prater does not offer any supporting law for his position nor does he state specifically what evidence relevant to the conspiracy claim against Johnson may be unfairly prejudicial to Prater.  In order "[t]o prevail on a prejudicial 'spillover' of evidence, a defendant must show that 'a miscarriage of justice looms.'"  <u>United States v. Ramirez</u>, 145 F.3d 345, 355 (5th Cir. 1998)(quoting <u>United States v. Pierro</u>, 32 F.3d 611, 615 (1st Cir. 1994)).  Moreover, "the mere presence of a spillover effect does not ordinarily warrant severance." <u>United States v. Pofahl</u>, 990 F.2d 1456, 1483 (5th Cir. 1993).

This Court finds that Prater's conclusory allegation of prejudice is insufficient to meet his burden to show that a joint trial would create a "looming" miscarriage of justice.  "The test for severance under Rule 14 is whether the jury could sort out the

4

evidence reasonably and view each defendant and the evidence relating to that defendant separately. *If cautionary instructions are deemed sufficient, severance is not required.*" Rocha, 916 F.2d at 228 (citing U.S. v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985)(emphasis added)). Based on the information presently before the Court, there is nothing to indicate that a properly instructed jury will be unable to determine which evidence pertains solely to the conspiracy charge against Johnson and not to the charges against Prater.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Prater's Motion to Sever [docket entry no. 35] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 9th day of February 2011.


    s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**